# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **PATRICK JAYSON REENERS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3: 24-cv-00555** |
| | ) | **Chief Judge Campbell/Frensley** |
| **NE'KEISAH BRYANT MCCORMCK,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This fee-paid, pro se 42 U.S.C. § 1983 action is before the court on defendants' motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction (Docket Nos. 16, 24, 35) and on Plaintiff's motions to amend his complaint. Docket Nos. 26, 42. After reviewing the record and the briefs, for the reasons set forth below, the undersigned recommends defendants' motions to dismiss be GRANTED. The undersigned further recommends Plaintiff's motions to amend his complaint be DENIED as futile.

## I.      BACKGROUND

On May 3, 2024, Plaintiff filed his original pro se complaint in this court against various defendants pursuant to 42 U.S.C. § 1983 asserting claims for violations of his due process rights and for malicious prosecution surrounding an order of protection issued against him in state court. Docket No. 1.

On May 17, 2024, prior to summonses being issued, Plaintiff filed an Amended Complaint to correct spelling errors in his original complaint and provide additional facts. Docket No. 5, p. 2. On May 20, 2024, Plaintiff filed a Second Amended Complaint without leave of court. Docket No. 6. Plaintiff attached as exhibits to his Second Amended Complaint various handwritten documents, as well as pleadings and other documents from his underlying state court case. Docket

No. 6-1 and attachments thereto.[1]

On May 29, 2024, Plaintiff filed a Third Amended Complaint, this time without the previously attached documentation, and, again, without leave of court. Docket No. 9. In his Third Amended Complaint, Plaintiff names as defendants Judge Nekeisha Bryant McCormick of the Sumner County General Sessions Court; Judge Gregory Traylor of the Macon County General Sessions Court; Judge Joseph Thompson of the Sumner County Circuit Court; Janice Draper, clerk of the Sumner County General Sessions Court; Judge Allegra Birdine Walker of the Davidson County General Sessions Court, and Jane and John Doe court clerks. Plaintiff sues all defendants in their personal and official capacities.

On May 30, 2024, summonses were issued on the Third Amended Complaint. Docket No. 10. While the Third Amended Complaint filed on May 29, 2024, is the operative pleading now before the court (Docket No. 9), the gravamen of the allegations gleaned from all of Plaintiff's complaints are the same.

This case arises out of a proceeding in the General Sessions Court for Sumner County, *Michelle Lynn Jouvence v. Patrick Jayson Reeners*, No. 2023-CV-1355, involving a Petition for an Order of Protection against Patrick Jason Reeners, the plaintiff in this case. ("Reeners" or "Plaintiff") Docket No. 6-1, p. 10. Sumner County General Sessions Judge Ne'Keisha Bryant-McCormick was assigned to the case. Id. Petitioner Michelle Lynn Jouvence was represented by

---

[1] As a general rule, a court is not to consider matters outside of the pleadings when ruling on a Rule 12(b)(6) motion to dismiss. *See, e.g., Seaton v. TripAdvisor LLC*, 728 F.3d 592 (6th Cir. 2013). However, a court need not convert the motion under Rule 12(d) if it considers only "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Lynch v. Leis*, 382 F.3d 642, 647 n. 5 (6th Cir. 2004) (courts may take judicial notice of proceedings in other courts of record).

attorney Randolph L. Lucas.

On April 5, 2023, Reeners filed a pro se motion to have Lucas disqualified from the state court matter on the ground that Lucas had a conflict of interest because he had previously represented Reeners in the same court.  Docket No. 6-1, p. 11.

At some point, Lucas filed a private warrant for criminal harassment against Reeners in the General Sessions Court for Sumner County, Case No. 2023-CR-3977. The Honorable Ron Blanton of the Sumner County General Sessions Court was initially assigned to the criminal harassment case but recused himself on April 24, 2023.  Id. at p. 11.  That same day, by order dated April 24, 2023, Judge Bryant-McCormick recused herself from hearing the criminal matter between  Lucas and Reeners.  Id. at p. 20.

On April 26, 2023, following Judge Bryant-McCormick's recusal in the criminal harassment matter, Reeners filed a pro se motion seeking Judge McCormick-Bryant be disqualified from the civil petition for an order of protection. Id. at pp. 21-27. Reeners asserts Judge McCormick orally denied his motion,  Docket No. 9, p. 7, and no written order has been provided to the court.  Reeners claims he appealed the denial of his motion for recusal and that Judge McCormick-Bryant and Clerk Draper "intercepted" the appeal and it "never went anywhere."  Id.

On May 11, 2023, following a hearing, Judge Bryant-McCormick granted Jouvence's petition in the civil matter and issued an Order of Protection preventing Reeners from contact with Jouvence for one year. Docket No. 6-1, pp. 28-33.  Reeners alleges Judge Bryant-McCormick improperly granted the petition and issued the Order of Protection against him before ruling on his motion for recusal. On June 30, 2023, Judge Bryant-McCormick recused herself from the civil

case involving the petition. Docket No. 6-1, p. 16.[2]

Judge Allegra Birdine Walker, generally assigned to the Davidson County General Sessions court, was assigned to replace Judge Bryant-McCormick as the presiding judge in the civil case pursuant to Tenn. Code. Ann. § 17-2-208. Judge Walker granted Jouvence's motion for a continuance in the civil case and subsequently recused herself from the case. Judge Walker made no merits rulings in the case.

On June 21, 2023, Jouvence, through counsel, filed a Petition for Criminal Contempt against Reeners, alleging he violated the May 11, 2023, Order of Protection. Docket No. 6-1, at pp. 36-39.

By order dated August 23, 2023, then Chief Justice Roger Page of the Supreme Court of Tennessee appointed Judge Gregory Traylor, general sessions judge, to preside over the petition for criminal contempt against Reeners. Docket No. 24-1, p. 1. Reeners asserts Judge Traylor "illegally sat in for," heard the harassment matter, and engaged in ex-parte communication with Judge Bryant-McCormick concerning the court's appointment of counsel for another party. Docket No. 9, p. 9.

In Count I, Plaintiff asserts all named defendants violated his due process rights "while presiding on the bench and issuing orders and conspired with the other defendants knowing these actions were wrong." Docket No. 9, p. 11. He claims Clerk Draper and Judge Bryant McCormick conspired together to thwart an appeal and that Draper further injured Plaintiff by failing to report Judge Bryant McCormick's conduct in in issuing the Order of Protection without proper jurisdiction. Id. In Count II, Plaintiff asserts a claim for malicious prosecution against defendants

---

[2] While the record contains no written order ruling the motion, the parties do not dispute that Judge Bryant-McCormick denied Plaintiff's motion for recusal on June 30, 2023.

Bryant-McCormick, Walker, Thompson, and Traylor for filing a false complaint with the Sumner County Court. Id. at p. 12.

With respect to Judge Walker, Reeners alleges that she "was not authorized, designated, nor appointed by the Supreme Court at any time relevant to this case… Walker is accused of illegally coming to Sumner County to prosecute the plaintiff without being designated by the Supreme Court, thereby willfully violating the plaintiff's civil rights. Docket No. 9, p. 5. Reeners claims that Judge Walker was "illegally contacted by Judge McCormick [sic] to preside over Randy Lucas's false harassment claim." Id. at p. 8. Reeners claims that Judge Walker violated his due process rights … by "presiding on the bench and issuing orders…knowing these actions were wrong." Plaintiff further alleges defendants acted like an organized crime outfit and disregarded the Constitution without jurisdiction in violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. Id. at p. 11.

All named defendants, except for Judge Thompson, now move to dismiss the Third Amended Complaint on the grounds that the Court lacks subject matter jurisdiction to review state court proceedings under the *Rooker-Feldman* doctrine. They argue in the alternative that regardless of the Court's jurisdiction, their actions are subject to judicial immunity, and therefore the Third Amended Complaint fails to state a claim. Docket Nos. 16, 24 and 35.

Plaintiff has filed two motions to amend his Third Amended Complaint. Docket Nos. 26 and 42. Plaintiff has not responded to the motions to dismiss and the time to do so has passed.

## II.     LAW AND ANALYSIS

When ruling on a motion to dismiss under Rule 12(b)(6), the court construes the record in the light most favorable to the non-moving party and accepts all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010). While a complaint

will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* at 275-76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions...." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

### 1.    Rooker-Feldman  Doctrine

Defendants argue the *Rooker-Feldman* doctrine bars jurisdiction over Reeners's claims. The undersigned agrees.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction over an action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine applies to cases "when a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006). *Rooker-Feldman* "bars district courts from hearing both challenges to state court judgments and claims that are 'inextricably intertwined' with state court judgments." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003). The Sixth Circuit recognizes an "expansive definition" of the phrase "inextricably intertwined," and applies *Rooker-*

*Feldman* "when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *McCormick*, 451 F.3d, at 391 (citation omitted). The Sixth Circuit and this district court have repeatedly held that claims asserting that a judge sat without jurisdiction in a state court proceeding cannot be reviewed by a federal court pursuant to the *Rooker-Feldman* doctrine. *See e.g., Reguli v. Guffee,* 371 F. App'x 590, 597 (6th Cir. 2010) (rejecting plaintiffs' underlying claim that the juvenile court order violated their constitutional rights; holding that even if the order was issued without jurisdiction, the order was still issued by a state court, and *Rooker-Feldman* bars a federal court from reviewing the constitutionality of that order); *Cunningham v. Davenport*, No. 3:19-CV-00501, 2020 WL 374413, at *5 (M.D. Tenn. Jan. 23, 2020) (plaintiff's argument that the state court was without jurisdiction did not undermine the application of *Rooker-Feldman* when the plaintiff claimed a judge was without jurisdiction to enter an order); *Hancock v. Miller*, No. 2:19-CV-00060, 2020 WL 1493609, at *11 (M.D. Tenn. Mar. 27, 2020), aff'd, 852 F. App'x 914 (6th Cir. 2021) (it was "of no moment" whether a state court judge exceeded his jurisdiction in issuing an *ex-parte* order; dismissing all claims arising from the *ex-parte* order under *Rooker-Feldman.*).

## 2. *Judge Bryant-McCormick and Clerk Draper*

As a general session's judge, Judge Bryant-McCormick maintained jurisdiction over the petition for an order of protection. Tenn. Code Ann. § 16-15-501 governs the jurisdiction of General Session Courts in Tennessee.

(a) The court of general sessions is vested with all of the jurisdiction and shall exercise the authority formerly conferred by law upon justices of the peace in civil and criminal cases, suits and actions. The jurisdiction, power and authority of the court shall be coextensive with the county.

Tenn. Code Ann. § 16-15-501.

The consideration of a petition for order of protection is well within the jurisdiction of the

Sumner County General Sessions Court and Judge Bryant-McCormick. S*ee Collins v. Pharris*, No. M1999-00588-COA-R3-CV, 2001 Tenn. App. LEXIS 138 *4-5 (Tenn. Ct. App. March 7, 2001)(general sessions courts have jurisdiction over orders of protection). As jurisdiction was proper, Judge Bryant-McCormick was well within her rights to deny Plaintiff's recusal request and grant the petition. Accordingly, Plaintiff fails to state a claim for which relief can be granted.

Moreover, even if Judge Bryant-McCormick's rulings were erroneous, because she had jurisdiction, she is entitled to judicial immunity. Even assuming Reeners's allegations rose to the level of a constitutional violation, Judge Bryant-McCormick is entitled to absolute immunity, as there are no factual allegations from which it could be concluded she performed the acts outside of her official authority. *See Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam) (judges are generally immune from suit for money damages for actions undertaken in a judicial capacity); *Stump v. Sparkman,* 435 U.S. 349 (1978) (same). Thus, while Reeners may disagree with rulings made by Judge Bryant-McCormick during the pendency of the petition, that is insufficient to state a claim against her.

As to Clerk Janice Draper, absolute judicial immunity has been extended to persons other than judges performing judicial or quasi-judicial functions. *Miller v. Niblack*, 942 S.W.2d 533, 537 (Tenn. Ct. App 1996). These persons include clerks of courts such as Draper. *Chapman v Kelley*, M2001-00928-COA-R3-CV, 2002 Tenn. App. LEXIS 619 (Tenn. Ct. App. Aug. 28, 2002). Here, any actions taken by Draper were taken in her capacity as General Sessions Clerk and were an integral part of the judicial system. In performing these quasi-judicial functions, she, too is entitled to immunity.

To the extent Reeners claims that Clerk Draper conspired with others and engaged in ex-parte communications, this claim is not based on any alleged facts plead in his amended

complaints. Other than making a bare allegation, Plaintiff provides no factual assertions to support them. Accordingly, Reeners fails to state a claim against Draper.

Finally, to the extent Reeners claims that Clerk Draper thwarted his attempts to appeal the denial of his recusal motion, the claim has no merit. Judge Bryant-McCormick's denial of Plaintiff's recusal motion was not a final order as it did not adjudicate all issues before it in the case, and as such was not entitled to an interlocutory appeal. See e.g., *U.S. Bank N.A. v. Rzezutko*, No. E2011-00058-COA-R3-CV, 2011 Tenn. App. LEXIS 578 (Tenn. Ct. App. Oct. 25, 2011)(circuit court had no jurisdiction to appeal non-final order to the circuit court).

In sum, Judge Bryant-McCormick had jurisdiction to preside over Jouvence's state court Petition, and as such, her rulings made while presiding over the Petition are entitled to judicial immunity. All of Plaintiff's claims against Clerk Draper, including conspiracy to violate Plaintiff's rights and alleged appeal, arise from Draper's acting in her capacity as a Clerk of the Sumner County General Sessions Court. Accordingly, Clerk Draper is entitled to quasi-judicial immunity. As Plaintiff's Amended Complaint fails to state a claim for which relief may be granted, dismissal of the claims against these defendants is appropriate.

### 3. *Judge Allegra Birdine Walker*

As to Judge Walker, Plaintiff alleges Judge Walker "was not authorized, designated, nor appointed by the Supreme Court at any time relevant to this case… Walker is accused of illegally coming to Sumner County to prosecute the plaintiff without being designated by the Supreme Court, thereby willfully violating the plaintiff's civil rights." Docket No. 9, p. 5. Plaintiff claims that Judge Walker was "illegally" contacted by Judge Bryant-McCormick to preside over Lucas's false harassment claim. Id. at p. 8. Plaintiff claims that Judge Walker violated his due process rights by "presiding on the bench and issuing orders…knowing these actions were wrong" and

acted like an organized crime outfit and disregarded the Constitution without jurisdiction. Id. at p. 11. Additionally, Plaintiff asserts a malicious prosecution claim against Judge Walker. Id. p. 12.

Plaintiff's claims against Judge Walker also arise out of the General Sessions proceeding involving the state court Order of Protection. Plaintiff's claims against Judge Walker are "inextricably intertwined" with the underlying state court order and proceedings, given that Plaintiff claims Judge Walker did not have jurisdiction to preside over the proceeding or to issue a continuance. Docket No. 9, p. 5. Like the claims against the other defendants, Plaintiff asks this Court to assess the constitutionality of state court proceedings, explicitly disallowed under *Rooker-Feldman*. *See McCormick*, 451 F.3d, at 395. As this Court cannot review claims that a judge was without jurisdiction in a state court proceeding, the claims against Judge Walker should be dismissed.

The claims against Judge Walker also fail because she is entitled to judicial immunity. Plaintiff's allegations against Judge Walker relate to conduct that occurred while she was acting in her judicial capacity. Docket No. 9, at pp. 5, 8 and 11. Plaintiff asserts that Judge Walker is not entitled to judicial immunity because she was presiding without jurisdiction. Id. at p. 5. Plaintiff is incorrect. Judge Walker sat in Sumner County General Sessions pursuant to Tenn. Code. Ann. § 17-2-208, which provides that "judges of courts of general sessions and juvenile courts may interchange with each other whenever causes exist making an interchange necessary for mutual convenience." *Cf. Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)(a judge only acts "in complete absence of all jurisdiction" and loses judicial immunity when the court lacks subject matter jurisdiction over the case, for example, if a probate judge tried a criminal case).

It is undisputed here that Sumner County General Sessions had subject matter jurisdiction over the underlying proceedings. As Judge Walker was acting within her jurisdiction, her actions

are protected by judicial immunity, and thus the claims against her should be dismissed.

### 4. *Judge Gregory Traylor*

Like the other defendants, Plaintiff's claims against Judge Traylor stem from allegations that he presided over matters and issued orders without jurisdiction to do so. Like the other defendants, Plaintiff asserts claims against Judge Traylor for due process violations and malicious prosecution. In support of dismissal, Judge Traylor asserts the same arguments as his co-defendants. Among other things, Judge Traylor relies on the order issued by the Tennessee Supreme Court appointing him to the underlying state court case. Docket 24-1, p. 1.

Like the claims against the other defendants, Plaintiff once again asks this Court to consider the validity of Judge Traylor's state court rulings. And like the claims against the other defendant-judges, Plaintiff's claims fall within the purpose of the *Rooker-Feldman* and mandate dismissal.

Judge Traylor is also entitled to judicial immunity, even for the alleged unlawful issuance of an order. It is undisputed any of Judge Traylor's actions were judicial acts, i.e., presiding over cases and issuing orders. And it is undisputed that the parties interacted with Judge Traylor in his official capacity. Plaintiff acknowledges that Judge Traylor was acting as a general sessions judge at all times during the events described in all versions of the complaints. Judge Traylor's conduct, even if it were invalid, constitutes a clear judicial act. Moreover, Judge Traylor had jurisdiction in the underlying state court case, as evidenced by the Supreme Court order assigning him to preside over the matter. As a result, Judge Traylor is entitled to judicial immunity for Plaintiff's claims against him.

### 5. *Plaintiff's Motion to Amend Complaint*

Also before the undersigned are Plaintiff's motions to amend his complaint. Docket Nos. 26, 42. All defendants oppose the motions as futile, and the Court agrees.

Federal Rule of Civil Procedure 15 permits district courts to freely grant parties leave to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it is appropriate for a court to deny a motion for leave to amend a complaint, such as "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Campfield v. Safelite Grp., Inc*., 91 F.4th 401, 414 (6th Cir. Jan. 16, 2024) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)).

Plaintiff's proposed amendments do not alter the outcome of the pending motions to dismiss. "A motion to amend a complaint should be denied if the amendment . . . would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)). Plaintiff's proposed amended complaint challenges the same conduct he has been challenging since the inception of this lawsuit. Plaintiff's proposed Fourth Amended Complaint does not remedy the fact that he lacks subject matter jurisdiction, nor does it impact the arguments for immunity. As Plaintiff's proposed amendments are futile, the motions to amend his complaint should be denied.

### III.     CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motions to dismiss (Docket No. 16, 24, 35) be **GRANTED** and Plaintiff's claims against these defendants be dismissed.

The undersigned further recommends Plaintiff's motions to amend his complaint (Docket

Nos. 26, 42) be **DENIED** as futile.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**