IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK JASON RENEERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:24-cv-00555 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| NE'KEISHA BRYANT MCCORMACK, | ) | MAGISTRATE JUDGE FRENSLEY |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge recommended the Court grant motions to dismiss filed by Defendants General Sessions Judge Ne'Keisha Bryant McCormack ("Judge Bryant-McCormack"), General Sessions Judge Gregory Traylor ("Judge Traylor"), and General Sessions Judge Allegra Walker Birdine ("Judge Walker"), and Sumner County Clerk Janice Draper ("Clerk Draper"). (Doc. Nos. 16, 24, 35). The Magistrate Judge also recommended Plaintiff's motions for leave to amend the complaint (Doc. Nos. 26, 42) be denied as futile. Plaintiff filed a response to the Report and Recommendation. (Doc. No. 48).

For the reasons discussed below, Plaintiff's objections to the Report and Recommendation will be overruled.

### I. BACKGROUND

This case arises out of proceedings in General Sessions Court for Sumner County, specifically Case Nos. 2023-CV-1355 (petition for an order of protection against Reeners), 2023-CR-3977 (private warrant for criminal harassment against Reeners), 83GS1-2023-8341 (petition for criminal contempt against Reeners). Plaintiff asserts claims against the judges involved in these cases and the Clerk of the Sumner County General Sessions Court. Judge Bryant-McCormack,

Judge Traylor, Judge Walker, and Clerk Draper moved to dismiss on grounds that they are subject to judicial or quasi-judicial immunity and that, under the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to review state court proceedings.[1] (Doc. Nos. 16, 24, 35). Plaintiff moved for leave to amend the complaint. (Doc. Nos. 26, 42).

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the

---

[1] Plaintiff also asserts claims against General Sessions Judge Joseph Thompson. Counsel for Judge Thompson filed a "Special Appearance Notice of Insufficient Service of Joseph Thompson." (*See* Doc. No. 17). Judge Thompson has not filed a motion to dismiss or otherwise appeared in the case.

light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

**B. Motions to Dismiss**

As stated above, the Magistrate Judge recommended the Court grant the motions to dismiss filed by Judge Bryant-McCormack, Judge Traylor, Judge Walker, and Clerk Draper (Doc. Nos. 16, 24, 35). Plaintiff's response to the Report and Recommendation reiterates his argument that the judges are not entitled to judicial immunity because they were without authority to preside, violated the "Judicial Code," and should have recused due to conflicts of interest.

Judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's official capacity, unless they were taken in the complete absence of jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). Courts regularly extend quasi-judicial immunity to court personnel and judicial staff. *See e.g., Wojnicz v. Davis*, 80 F. App'x 382, 383 (6th Cir. 2003) ("Judicial employees are immune from damages for the performance of quasi-judicial duties

3

Case 3:24-cv-00555 Document 49 Filed 02/12/25 Page 3 of 5 PageID #: 414

…"); *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (judicial law clerk performing his judicial and quasi-judicial duties is immune from suit); *Coleman v. Gov. of Mich.*, 413 F. App'x 866, 873 (6th Cir. 2011) (absolute immunity extends to any person acting as an arm of the judicial officer); *Jackson v. Houck*, 181 F. App'x 372 (4th Cir. 2006) (law clerks assisting judge in carrying out judicial functions entitled to absolute judicial immunity); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) (judicial immunity applies to judge's law clerk performing judicial functions).

Plaintiff's assertion that the defendant judges were acting without jurisdiction, should have recused, or were not qualified, does not suggest that they were acting in the complete absence of jurisdiction as would be required to find that judicial immunity does not apply. *Bush*, 38 F.3d at 847. The judges presiding over the cases involving Plaintiff are entitled to judicial immunity for their actions concerning those matters. Similarly, Clerk Draper is entitled to immunity for her actions taken in her capacity as clerk of court.

Having found that judicial immunity and quasi-judicial immunity bar the claims asserted against these defendants, the Court does not address the application of the *Rooker-Feldman* doctrine.

## C. Leave to Amend

The Magistrate Judge recommended the Court deny Plaintiff's motions for leave to amend (Doc. Nos. 26, 42) because amendment would be futile. Because the proposed amendments do not impact the immunity analysis, the Court agrees amendment would be futile. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) ("A proposed amendment is futile 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'").

## III. CONCLUSION

For the reasons stated above, Plaintiff's objections to the Report and Recommendation are **OVERRULED**. The Report and Recommendation is **ADOPTED** and **APPROVED**. Accordingly, Defendants' motions to dismiss (Doc. Nos. 16, 24, 35) are **GRANTED** and Judge Bryant-McCormack, Judge Traylor, Judge Walker, and Clerk Draper are **DISMISSED**. Plaintiff's motions for leave to amend the complaint (Doc. Nos. 26, 42) are **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE